## No. 582

## In Re, BRADY

No. 20443.    Supreme Court.
In Habeas Corpus. Dock. 4-10-27.

1079.  SENTENCES—Does the Intermediate Sentence Law apply to cases of misdemeanors, and if so, does the continued confinement of a woman in Reformatory in which men were sentenced for same offense, but who were discharged at end of sentence, while woman was kept over, contravene the Federal Constitution?

Virginia Brady was convicted in the Juvenile Court of Allen County for contributing to the delinquency of a minor child, and was sentenced to pay a fine of $25.00 and to be committed to the Marysville Reformatory for Women, for thirty days.  At the same time two men, Clements and Lewis, were found guilty by the Court for the same offense for which Brady was convicted.  Clements was sentenced to pay a fine of $50 and cost and to be committed to the Toledo Workhouse for 60 days; Lewis was sentenced to pay a fine of $25 and costs and sentenced to Toledo  Workhouse for 30 days.  All three of the parties paid the fine.  Clements was released at the end of his 60 days, and Lewis was released at the end of his 30 days; but at the expiration of Brady's 30 days, the Matron of the Reformatory refused to release her, claiming that she was there under the Intermediate Sentence Law, and that they could hold her for a length of time not exceeding the maximum length of time, which was one year, for the commission of her act.

An application for habeas corpus for Brady was filed in the Supreme Court, claiming that if that was the law, that it was in violation of the United States Constitution, which provides that no State shall pass or enforce any law which does not give to all persons within its jurisdiction the equal protection of the laws, and it was claimed that because Brady was a woman, discrimination was made, and that she could be held for no longer period than a man could be for the same crime.

Atorney General Turner also filed a brief in the case in favor of Brady.  His position was a little digerene, in that he contended that the Indeterminate Sentence Law did not apply in cases of misdemeanors, but applied only in cases of felony, and that therefore the sentence of the Juvenile Court for 30 days was valid and that Brady should have been released by the Matron of said institution a he end of he thirty days.  He further argued to the Court that if his position was not correct, and the law did apply to misdemeanors, then and in that event the position of counsel for Brady was correct, and the law is in contravention of the United States Consitution.

Attorneys—Frank L. Johnson,. Xenia, for Brady.

## No. 583

## MATLES v. JASINSKI

No. 20521.  Supreme Court.
On mo. to cer.  Dock. 5-6-27; 5 Abs. 314.

480.  EVIDENCE—Statutes.—Where in the first of two proceedings in error prosecuted from judgment of lower court, the Court of Appeals reverse the case on the grounds of the judgment being against the weight of the evidence and because of prejudicial error in the court's charges, is the Court of Appeals, justified in refusing to review the evidence in a second proceeding in error upon the weight of the evidence?

This is an action for damages arising out of personal injuries sustained by John Jasinski when struck by an automobile owned and operated by Morris Matles.  Upon its original trial in the Mahoning Common Pleas, a verdict was obtained by Jasinski.  Error proceedings were prosecuted to the Court of Appeals where the case was reversed upon the grounds, "That the verdict was contrary to and manifestly against the weight of the evidence and that the Court committed error prejudicial to defendant below in his general charge to the jury."

The cause was remanded and retried in the Court of Common Pleas where a smaller verdict was secured by Jasinski and upon a change of testimony by the plaintiff as to his conduct at the time of the accident.

Motion for a new trial was again overruled and the cause again carried to the Court of Appeals on proceedings in error; that Court refusing to review the evidence upon the ground that: "Having heretofore reversed the judgment of the Court of Common Pleas upon the weight of the evidence this Court is without jurisdiction to review or reverse the judgment of the Court of Common Pleas again upon the weight of the evidence and the power of this Court to reverse upon the weight of the evidence has been exhausted and this Court therefore does not pass upon the weight of the evidence."

There being no further errors apparent upon the record the judgment of the lower Court was affirmed.

It is the contention of Matles, in the Supreme Court that 11577 FC. under the interpretation of the Court of Appeals is not only inconsistent with, but in direct conflict with Article 4, Section 6 of the Constitution of the State of Ohio, insofar as it provides for the review of judgments of the Court of Common Pleas, and that it clearly abridges the right of a litigant to prosecute error.

It is contended further that under the most liberal interpretation of this section that if but one reversal upon the weight of the evidence is authorized, then that reversal must have been upon the sole ground of the verdict being manifestly against the weight of the evidence, and the case otherwise being entirely free of reversible error.

In the case at bar the original cause would have been reversed by the Court of Appeals because of errors in the trial court's charge had the evidence never been weighed or considered, and therefore, was not such a reversal as contemplated by statute.

Attorneys—Leigninger and Church for Matles; Metcalf and Stankiemcz for Jasinski; all of Youngstown.